# EXHIBIT A

1   Manfred P. Muecke (SBN: 222893)
    mmuecke@manfredapc.com

2   **MANFRED, APC**
    600 West Broadway, Suite 700

3   San Diego, CA 92101
    Telephone: (619) 550-4005

4

5   Andrea N. Jones (SBN: 279791)
    aj@joneslawgroupca.com

6   **JONES LAW GROUP**
    1350 Columbia Street, Suite 303

7   San Diego, CA 92101
    Telephone: (619) 946-8860

8

9   *Attorneys for Plaintiff*

10

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**04/28/2022** at 01:37:49 PM
Clerk of the Superior Court
By Marfil Estrada,Deputy Clerk

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                 **FOR THE COUNTY OF SAN DIEGO**

13   LORIN DEAN HASKIN,                    Case No.:  37-2022-00015917-CU-OE-CTL

14                          Plaintiff,

15   vs.                                   **COMPLAINT**

16   U.S. BANK, N.A. dba U.S. BANK; U.S.
17   BANCORP, a Delaware corporation; and   **DEMAND FOR JURY TRIAL**
     DOES 1 through 10, inclusive,

18
19                          Defendants.

20

21

22

23

24

25

26

27

28

Plaintiff LORIN DEAN HASKIN ("Plaintiff") hereby alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action against U.S. BANK, N.A. dba U.S. BANK; U.S. BANCORP, a Delaware corporation, and DOES 1-10 (collectively, "Defendants" or "U.S. Bank") pursuant to the California Labor Code ("Cal. Labor Code") and California Business and Professions Code ("Cal. Bus. & Prof. Code").

2.     This action arises due to Defendants' failure to properly classify Plaintiff as a non-exempt employee, timely pay all wages, authorize, and permit duty-free rest periods, reimburse business-related expenses, and provide accurate itemized wage statements to Plaintiff.

3.     During his employment with U.S. Bank, Plaintiff has worked numerous hours and incurred work-related personal expenses on behalf of Defendants without compensation or reimbursement.

4.     Plaintiff individually seeks reimbursement of all wages and compensation unlawfully deprived from him by Defendants, reimbursement of business-related expenses that benefited U.S. Bank, and all statutory penalties, damages, and interest as permitted under law including attorney fees and costs of suit.

## JURISDICTION AND VENUE

5.     Venue as to each Defendant is proper in this Judicial District under California Code of Civil Procedure §395. Defendants conducted business and committed California Labor Code violations in San Diego County, and each Defendant or DOE is within California for service of process. The unlawful acts alleged have a direct effect on an aggrieved employee within California and within San Diego County.

6.     This Court has jurisdiction over Plaintiff's claims because Defendants regularly conduct business in California. Further, Defendants are alleged to have violated the law in California and Plaintiff's claims raise no federal question.

7.     On information and belief, the California Superior Court has primary and original jurisdiction in this matter because there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the California Labor Code, Code of Civil Procedure, Rules of Court, and Business and Professions Code.

1

## PARTIES

8.     Plaintiff Lorin Dean Haskin is a resident of the State of California, in San Diego County. Plaintiff is employed by Defendants as a Branch Manager for the local U.S. banking branch office located in or around Carlsbad Village, California.

9.     Defendant U.S. Bank, N.A. is a nationally chartered banking association licensed to do business in the state of California, and all relevant times herein, has continuously conducted business throughout California through various banking branch locations.

10.     Defendant U.S. Bancorp is a Delaware corporation doing business in California, and at all relevant times herein, has continuously maintained a presence throughout California.

11.     Defendants have been an employer of Plaintiff at various bank branch offices throughout California during all relevant times herein.

12.     Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged of Defendants sued as DOES 1 through 10, but is informed and believes, and based on that alleges, DOE Defendants are legally responsible for the wrongful conduct alleged and sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

## FACTUAL ALLEGATIONS

**A.     Defendants Hire Plaintiff As A Branch Manager**

13.     Plaintiff was hired by Defendants as a Branch Manager on or around August 2008 to serve as Branch Manager at Defendants' Del Mar branch office.

14.     Over time, Plaintiff subsequently transferred to serve as Branch Manager in Defendants' branch offices located in Escondido and Oceanside, respectively, prior to his current position as Branch Manager overseeing Defendants' Carlsbad Village branch office.

15.     The stated Branch Manager position duties as established by Defendants squarely focus on management activities so as to ostensibly come within the purview of the management exemption.

16.     These stated duties included overseeing and developing employee performance, daily management of employees, developing business strategies around customer market share at the branch level, and assisting customers as needed, including resolving escalated disputes from other employees.

2

17.     Indeed, Defendants' stated job descriptions advise Branch Managers employed in California branch offices to devote more than half of their time and tasks to management-related duties, presumably to abide by California labor laws concerning job classification exemptions

18.     Yet, Defendants' gradual short staffing of branch offices, consolidation of operations, and business development requirements imposed upon Plaintiff during the relevant time period created a work environment that made it all but impossible for Plaintiff to avoid devoting most of his time to non-exempt duties and tasks.

**B.      Defendants Require Plaintiff to Spend More Than Half of His Working Hours Performing Non-Exempt Duties.**

19.     Over the past several years, Defendants have steadily decreased the non-exempt staff available to assist Branch Managers. This has resulted in Branch Managers undertaking the tasks previously assigned to non-exempt employees. Branch Managers regularly worked in excess of 8 hours a day and 40 hours a week performing such duties.

20.     These non-exempt duties include, but are not limited to, opening, and closing of customer bank, credit, and mortgage accounts; conducting routine customer deposit and payment transactions; performing administrative and clerical tasks related to banking; covering for non-exempt employees when they took their rest and meal periods; and covering the non-exempt employees' shifts when they took vacation and sick days.

21.     Despite the illusion that Plaintiff would maintain discretion over the staffing needs of their respective bank branches, Defendants prevented him from being able to adequately hire and staff his branch with non-exempt employees to perform the non-exempt tasks.

22.     Plaintiff and other Branch Managers working at nearby offices raised complaints of staffing and other related issues to Defendant's District Manager Jennifer Roane. Ms. Roane was charged with overseeing the U.S. Bank branches within Plaintiff's general geographic region.

23.     Yet, Ms. Roane was unwilling or unable to address Plaintiff's concerns regarding staffing issues that prevented Plaintiff from devoting the requisite amount of time to exempt management duties.

24.     In addition to performing non-exempt duties caused by short-staffing, Defendants thrust upon Plaintiff business development and sales quotas that interfered with his ability to perform any exempt management duties.

25.     From 2013 up until on or around October 2019, Plaintiff was expected by Defendants to devote at least 40% of their time towards sales goals. These sales objectives imposed

3

by Defendants demanded substantial time and duties not exempt under California law and further interfered with Plaintiff's management duties.

26.   From November 2019 onward, the vast majority of tasks undertaken by Plaintiff have been devoted to bank client sales and servicing along with other non-exempt administrative duties with scant time applied to exempt management tasks.

27.   The imposition of sales directives and staffing shortages by Defendants left Plaintiff with no realistic option but to devote substantially more than half of his time performing non-exempt tasks.

**C.   Defendants Deprives Plaintiff of Owed Wages In Violation Of the California Labor Code.**

28.   At all relevant times, Plaintiff worked under the same policies, practices, and procedures relating to their employment, including those governing payment of wages, meal and rest breaks, sick pay, and itemized wage statements.

29.   Defendants misclassified Plaintiff as an exempt employee despite the undertaking of non-exempt tasks by Plaintiff well in excess of any permissible 50% threshold of any time that otherwise would be permissible under California law to enable proper classification as exempt employees.

30.   As a result of Defendants' illegal misclassification of Plaintiff, Defendants violated several Cal. Labor Code provisions that deprived Plaintiff of owed wages, including overtime wages, missed meal and rest breaks, and sick pay.

31.   Plaintiff was also deprived of reimbursement of business-related expenses by Defendants.

**D.   Defendants Retaliate Against Plaintiff For Complaining of Defendants' Insufficient COVID-19 Health and Safety Protocols**

32.   The recent COVID-19 pandemic only served to exacerbate the volume of non-exempt work heaped onto Plaintiff by Defendants. The pandemic and related government-mandated restrictions on business did not affect banks which were deemed necessary businesses that could remain open with certain safety protocols in place.

33.   At the outset of the pandemic, Plaintiff became informed that Defendants were considering closing many of the San Diego (North County) regional branch operations to merge them into the U.S. Bank branch located in Carlsbad Village, California that was managed by Plaintiff. This consolidation of branches would funnel hundreds if not thousands of customers from other U.S. Bank branches to Plaintiff's branch.

4

34.     As a result, banking customers from four different regional U.S. Bank branches were funneled to Plaintiff's branch which resulted in critical masses of people in and around the branch starting on or around April 2020.

35.     Plaintiff observed many customers failing to adorn a mask and follow social distancing requirements, in part, due to the overcrowding caused by the closing of other bank branches. Although Plaintiff took reasonable measures to try and implement COVID-19 health and safety practices, he could only do so much. The insufficient staffing made it near impossible for Plaintiff to regulate capacity limits and manage adherence to COVID-19 safety protocols.

36.     Acutely aware of how centralized masses of people would increase the risk of customers and employees contracting the COVID-19 virus, and due to concerns over his own health as well as those of his family, Plaintiff voiced his concerns with his Regional Director Ms. Roane regarding the insufficiency of health and safety protocols at his branch, especially since more customers were going to be funneled into his branch. He also asked which health and safety protocols Defendants intended to implement to address his concerns and whether a division of labor or functions would be spread among the regional U.S. Bank branches.

37.     Instead of addressing his concerns or complaints, Defendants ignored him and retaliated against Plaintiff. Defendants continued to funnel customers towards Plaintiff's branch even after re-opening other regional branch offices with limited hours.

38.     As a result of the inadequate staffing put in place at the direction of Defendants, the consolidation of operations to Plaintiff's U.S. Bank branch location only heightened the risk and exposure to COVID-19 in spite of what safety protocols were mustered in place.

39.     Defendants further retaliated against Plaintiff by stripping him of his job responsibilities, including but not limited to, his designated role as lead workforce activity planner for the San Diego North County branches. This role required certain privileges, including access to online staffing schedules and related information. Shortly after Plaintiff's complaint, Defendant abruptly denied him access to the schedules without notice, effectively removing Plaintiff as the workforce activity planner.

40.     Defendants also retaliated against Plaintiff by forcing him to undertake monotonous, time-consuming tasks for his branch that were outsourced to third party vendors to service other branches. For example, prior to Plaintiff's complaints, Defendants hired vendors to service other regional branch ATMs. When Plaintiff requested Defendants to arrange for a vendor to service the Carlsbad Village branch ATM, Defendant completely ignored him. This forced Plaintiff to ensure

these tasks, which took several hours, were timely completed with limited resources. Plaintiff later learned other branches were still being serviced by outside vendors.

41.    On top of stress endured from the copious amounts of time spent undertaking non-exempt tasks and duties as described herein, Plaintiff incurred stress, anxiety, and nervousness at having to work and attempt to manage and operate a branch in a heightened risk environment all the while maintaining a collegial demeanor in a customer-facing role. He continued to raise his concerns to Defendants but was ignored and met with hostility in the form of retaliatory acts as described herein.

**CAUSES OF ACTION**

**COUNT I**
**FAILURE TO PAY REGULAR AND OVERTIME WAGES**
**(Cal. Lab. Code §§510, 1194; and I.W.C. Wage Order No. 4-2001)**

42.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

43.    Throughout his employment, Plaintiffs was a non-exempt employee entitled to overtime pursuant to Labor Code §§510, 1194; and I.W.C. Wage Order No. 4-2001.

44.    Throughout his employment, Plaintiff performed services which were not compensated, and worked in excess of eight hours per day and forty hours a week to which he was not paid overtime.

45.    Defendants' failure to pay regular and overtime wages is a violation of Labor Code §§ 204, 510, 1194, 1198, and I.W.C. Wage Order No. 4-2001.

46.    Pursuant to Labor Code §1197, payment of less than minimum wage fixed by the Labor Commission is unlawful.

47.    Labor Code §1194.2 entitles an employee receiving less than the legal minimum wage to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

48.    Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the I.W.C. or under conditions prohibited by the IWC Wage Orders.

49.    Pursuant to IWC Wage Orders, Defendants are required to pay its employees for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employees are suffered or permitted to do work, whether or not required to do so.

50.     Under Cal. Labor Code §510, employees are entitled to overtime compensation at the rate of one-and-one-half the employee's regular rate of pay for hours worked exceeding 8 hours in a day or 40 hours in a week.

51.     Defendants' pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218, to recovery by Plaintiff of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

52.     Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to pay the earned and unpaid wages of Plaintiffs in violation of Labor Code §§201, 202, *et seq*.

53.     Plaintiff is also entitled to reasonable attorney's fees and costs of suit pursuant to Cal. Labor Code §§1194 and 1199.

## COUNT II
### FAILURE TO PAY MEAL PERIODS
**(Cal. Lab. Code §§226.7, 512; and I.W.C. Wage Orders Nos. 4-2001(11)(B))**

54.     Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

55.     Cal. Labor Code §512(a) notes: "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

56.     Similarly, IWC Wage Order 4-2001(11)(A) requires employers to enable all employees to take a work-free meal period of at least 30 minutes for every five hours worked.

57.     Cal. Labor Code § 226.7(a) provides: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

58.     Cal. Labor Code §1198 states: "The maximum hours of work and the standard

7

conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

59.    Correspondingly, IWC Wage Order 4-2001(11)(B) notes that an employer must provide an employee one hour of pay at the employee's regular rate of compensation if the employer fails to provide a work-free meal period if the employee has worked five or more hours in a single day.

60.    Defendants have regularly failed to provide Plaintiff meal periods as required by law.

61.    Defendants' failure to provide a meal period to Plaintiff constitutes a willful violation of IWC Wage Order 4-2001(11)(A) and Cal. Labor Code §§226.7(a), 512(a), and 1198.

62.    As a result of Defendants' failure to provide a duty-free meal period, Plaintiff is entitled to damages and interest for each meal period not provided to him under Cal. Labor Code §226.7 and IWC Wage Order 4-2001(11)(B) as well as all attorney fees and costs of suit as permitted under law including, but not limited to, Cal. Labor Code §§218.5., 218., and 1198.

## COUNT III
### FAILURE TO PAY REST PERIODS
**(Cal. Lab. Code §§226.7; and I.W.C. Wage Orders Nos. 4-2001(12)(A)**

63.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

64.    Cal. Labor Code § 226.7(a) provides: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

65.    Cal. Labor Code §1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

66.    IWC Wage Order 4-2001, section 12(A) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

67.     However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

68.     IWC Wage Order 4-2001 (12)(B) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

69.     Defendants' failure to provide a rest period to Plaintiff constitutes a willful violation of IWC Wage Order 4-2001(12)(A) and Cal. Labor Code §§226.7(a), and 1198.

70.     Defendants have regularly failed to provide Plaintiff rest periods as required by law.

71.     As a result of Defendants' failure to provide a rest period in violation of applicable law, Plaintiff is entitled to damages for each rest period not provided to him under Cal. Labor Code §226.7 and IWC Wage Order 4-2001(12)(B) as well as all attorney fees and costs of suit as permitted under law.

## COUNT IV
## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Cal. Labor Code §§ 226(a))

72.     Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

73.     Cal. Labor Code §226(a) states in pertinent part: "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer. . .; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the

9

employee…"

74.    Section 226(a) of the Cal. Labor Code requires Defendants to itemize in wage statements all gross and net wages earned and the number of piece-rate units earned by Plaintiff and any applicable piece-rate compensation. As set forth herein, Defendants knowingly and intentionally failed to comply with Cal. Labor Code § 226(a) on each and every wage statement provided to Plaintiff.

75.    Cal. Labor Code § 226.3 provides for civil penalties for violations of the Labor Code section 226. The civil penalty is $250 for the initial violation and $1,000 for each subsequent violation.

76.    Defendants' conduct violates Cal. Labor Code §226 as well as the "Records" section of the applicable Wage Order.

77.    As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff for civil penalties as required by Cal. Labor Code § 226.3.

78.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

79.    As a result of Defendants' failure to provide accurate and compliant itemized wage statements in violation of applicable law, Plaintiff is entitled to statutory penalties under Cal. Labor Code §226(a) up to $4,000 as well as all reasonable attorney fees and costs of suit as permitted under Cal. Labor Code §226(e).

**COUNT V**
**FAILURE TO MAINTAIN ACCURATE RECORDS**
**(Cal. Labor Code §§ 1174(d); and I.W.C. Wage Orders No. 4-2001(7)(A)(3))**

80.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

81.    Cal. Labor Code §1174(d) states: "Every person employing labor in this state shall: Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not

less than three years."

82.     Cal. Labor Code §1174.5 states "Any person employing labor who willfully fails to maintain accurate and complete records required by subdivision (d) of Section 1174, shall be subject to a civil penalty of five hundred dollars."

83.     IWC Wage Order 4-2001(7) obligates an employer to keep accurate information of wages earned and paid including applicable overtime, meal, and rest period wages. IWC Wage Order 4-2001, section 7(A)(3) states in pertinent part: "Every employer shall keep accurate information with respect to each employee including the following: ... (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

84.     During relevant time period, Defendants failed to maintain accurate records showing the accurate number of hours worked by Plaintiff including wages earned encompassing overtime, meal, and rest period wages.

85.     As a result, Defendants willfully violated the Cal. Labor Code and are liable to Plaintiff for civil penalties as required by Cal. Labor Code §1174(d).

86.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

**COUNT VI**
**FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES**
**(Cal. Labor Code §§2802; I.W.C. Wage Order No. 4-2001(9)(B))**

87.     Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

88.     Cal. Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

89.     Cal. Labor Code § 2802(c) states that "[f]or purposes of [2802], the term "necessary

11

expenditures or losses" shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by [2802]."

90.     IWC Wage Order 4-2001(9)(B) states in pertinent part: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer."

91.     Cal. Labor Code §2802 prohibits employers, such as Defendants, from shifting their cost of doing business onto the employee. Cal. Labor Code §2802 states that employers must "indemnify" an employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." This means that if the expense in question is "necessary" for performance of the job, the employer must reimburse the employee 100% of the cost. An expense is considered "necessary" if it directly results from the employee's performance of his or her work duties. An expense is also "necessary" if it occurs because the employee is following the directions given by the employer.

92.     During all or a substantial portion of the relevant time period, Defendants failed to reimburse Plaintiff for all reasonably and necessarily incurred business-related expenses. Although Defendants were aware and required Plaintiff to use his personal cell phone, home internet, and personal computer devices for work-related purposes at home prior to and after work hours, Defendants did not reimburse Plaintiff for the business expenses incurred in the discharge of his duties for Defendants.

93.     By failing to reimburse Plaintiff for the business expenses incurred through the use of their personal cell phones, home internet, and other devices for work-related purposes, Defendants willfully violated the provisions of Cal. Labor Code § 2802 and IWC Wage Order (9)(B).

94.     As a result of Defendants' failure to reimburse Plaintiff for necessary business expenses in violation of applicable law, Plaintiff is entitled to damages in the form of reimbursement of his necessary expenditures including interest as well as attorney fees and costs of suit as permitted under Cal. Labor Code §2802.

//

//

## COUNT VII
## VIOLATION OF UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code §17200, *et seq.*

95.     Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

96.     Per Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL"), "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

97.     Under the UCL, an "unlawful business act or practice" is an act that violates a statute or established caselaw, including provisions of the California Labor Code.

98.     The UCL further enables a predicate "unfair" business act or practice to be actionable if the "unfair" act is considered contrary to public policy, immoral, unethical, oppressive, or unscrupulous.

99.     As detailed herein, Defendants' failure to timely and accurately compensate Plaintiff for his work performed on behalf of Defendants as well as declining to reimburse Plaintiff for his reasonable out-of-pocket expenses constitute violations of the California Labor Code §§201, 227.3, and 2802.

100.     Defendants' violations of the California Labor Code serve as predicate violations of the UCL's proscription against "unlawful business acts or practices."

101.     As such, Plaintiff seeks restitution of wages and expenses unlawfully retained by Defendants which comprise a violation of the UCL.

## COUNT VIII
## RETALIATION
### Violation of Cal. Labor Code §98.6

102.     Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

103.     Defendants are Plaintiff's employer and their actions, as described above, amount to retaliation against Plaintiff for exercising his rights under California labor laws. Specifically, Plaintiff raised concerns safety protocols in the midst of the COVID-19 pandemic including capacity and staffing issues related to Plaintiff's branch location as well as relevant personal health concerns.

13

104.     As a direct and proximate result of the acts of defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages and other economic damages.

105.     As a direct and proximate result of the acts of Defendants as alleged above, Plaintiff has suffered emotional distress, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

106.     As a direct and proximate result of the acts of defendants, and each of them, as alleged above, plaintiff is entitled to recover attorneys' fees in this action.

107.     In addition to the above remedies, a civil penalty of up to $10,000 may be awarded to Plaintiff for each violation of Labor Code §98.6.

**COUNT IX**
**Violation of Cal. Labor Code §1102.5**

108.     Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

109.     Defendants were Plaintiff's employer and their actions, as described above, violated Labor Code section 1102.5, which provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

110.     An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for reporting or refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

111.     As a direct and proximate result of the acts of defendants, and each of them, as alleged above, plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

14

112.    As a direct and proximate result of the acts of defendants as alleged above, plaintiff has suffered humiliation, emotional distress, loss of dignity, anxiety, and nervousness and has been generally damaged in an amount to be ascertained at the time of trial.

113.    As a direct and proximate result of the acts of defendants, and each of them, as alleged above, plaintiff is entitled to recover attorneys' fees in this action pursuant to California Code of Civil Procedure section 1021.5, as amended in 2020.

## **PRAYER FOR RELIEF**

1.    WHEREFORE, Plaintiff respectfully requests the following relief:

   a.   For general damages according to proof;

   b.   For special damages according to proof;

   c.   For attorneys' fees as authorized by Government Code §218.5, 1194.2, 1021.5, 29 U.S.C. § 216, and all other applicable statutes;

   d.   Liquidated damages pursuant to Cal. Labor Code §§1194 and 29 U.S.C. § 216;

   e.   Appropriate civil penalties pursuant to Cal. Labor Code §558

   f.   An award of statutory penalties and restitution of all amounts owed to Plaintiff in an amount according to proof;

   g.   Injunctive relief;

   h.   Pre-judgment and post-judgment interest, as provided by law;

   i.   For costs of suit herein incurred;

   j.   For Declaratory relief

2.    Any other relief as this Court deems proper.

Dated: April 28, 2022

**MANFRED, APC**

s/ Manfred P. Muecke
Manfred P. Muecke (SBN: 222893)
mmuecke@manfredapc.com
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 550-4005

*Additional Counsel Listed On Next Page*

15

Andrea N. Jones (SBN: 279791)
aj@joneslawgroupca.com
**JONES LAW GROUP**
1350 Columbia Street, Suite 303
San Diego, CA 92101
Telephone: (619) 946-8860

*Attorneys for Plaintiff*

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:                STATE BAR NO: 222893<br>NAME: Manfred P. Muecke<br>FIRM NAME: Manfred, APC<br>STREET ADDRESS: 600 West Broadway, Suite 700<br>CITY: San Diego                    STATE: CA    ZIP CODE: 92101<br>TELEPHONE NO.: 619-550-4005          FAX NO.: 619-550-4006<br>E-MAIL ADDRESS: mmuecke@manfredapc.com<br>ATTORNEY FOR (Name): Lorin Dean Haskin | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS:
MAILING ADDRESS: 330 West Broadway Avenue
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME: Hall of Justice

Plaintiff/Petitioner:  Lorin Dean Haskin
Defendant/Respondent:  U.S. Bank, N.A. dba U.S. Bank; U.S. Bancorp, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-02022-00015917-CU-OE-CTL |
|---|---|

TO (insert name of party being served): Emilie Woodhead _____

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  May 6, 2022 _____

Manfred P. Muecke _____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1.  [x]  A copy of the summons and of the complaint.
2.  [x]  Other *(specify)*:

> Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730);
> Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359);
> Notice of Case Assignment form (SDSC form #CIV-721)

*(To be completed by recipient):*

Date this form is signed: _____

_____                          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)               ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
04/28/2022 at 01:37:49 PM
Clerk of the Superior Court
By Marfil Estrada, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
U.S. Bank, N.A. dba U.S. Bank; U.S. Bancorp, a Delaware corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Lorin Dean Haskin

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Hall of Justice Courthouse - Central Division<br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):*<br>37-2022-00015917-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Manfred P. Muecke, 600 West Broadway, Suite 700, San Diego, CA 92101

| DATE:<br>*(Fecha)* 04/29/2022 | Clerk, by<br>*(Secretario)* | M. Estrada<br>M. Estrada | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov